UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THURSTON PAUL BELL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> J.J. JONES, *Sheriff of Knox County, Tennessee*, ) <br> and ROBERT E. COOPER, *Attorney General of* ) <br> *the State of Tennessee*, ) <br> ) <br> Respondents. ) | No.: 3:07-cv-309 <br> (VARLAN/SHIRLEY) |

## **MEMORANDUM**

Petitioner Thurston Paul Bell ("Bell") has filed an emergency application for extraordinary writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the respondents shall not be required to file an answer or other pleading to the petition, and the habeas corpus petition will be **DENIED** and this action **DISMISSED**.

Bell alleges that he has been ordered to appear in the Fourth Circuit Court of Knox County, Tennessee, on August 16, 2007, for enforcement of a foreign order for child support. Bell claims that the State of Tennessee has not domesticated the foreign order, as required by the Uniform Family Support Act, and therefore the State of Tennessee lacks jurisdiction to enforce the foreign order. Bell also alleges that, if he fails to appear for court on August 16, 2007, a warrant for his arrest shall issue. Bell thus argues that the threat of arrest is a restraint upon his liberty and therefore, for habeas corpus purposes, he is in "constructive

custody." Bell asks this court to enjoin enforcement of the foreign order for child support and to set aside as void the order requiring his appearance in the Fourth Circuit Court.

An applicant for a writ of habeas corpus must be in state custody. 28 U.S.C. § 2254(a). Bell is obviously not in state custody at this time. With respect to his claim that he is in constructive custody because of the threat of arrest, that argument fails on its face.

> The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. Since habeas corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.

*Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). The fact that Bell may be subject to arrest if he fails to appear for a scheduled court hearing is not such a severe or immediate restraint on his custody so as to warrant habeas corpus relief.

In addition, a habeas petitioner is required to first exhaust his available state court remedies. 28 U.S.C. § 2254(b). Clearly Bell has not done so. The Uniform Family Support Act ("UIFSA") provides a procedure to register a foreign order for support so that the order may be enforced in the State of Tennessee. Tenn. Code Ann. § 36-5-2602. UIFSA also provides a procedure for contesting the validity or enforcement of the support order. *Id*. § 36-5-2606. If Bell believes the foreign order for child support was not properly registered or is otherwise invalid, his remedy is with the state trial and appellate courts. *See, e.g., Jolly v. Jolly*, 130 S.W.3d 783 (Tenn. 2004) (husband should be given the opportunity to contest the validity and enforcement of Kansas order that was never registered in Tennessee).

Finally, the law is settled that a federal court should not interfere in pending state court proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). The fact that Bell has been ordered to appear in a state court, for the enforcement of a foreign order of child support, does not present such a threat of injury as to justify this court's interference with the proceedings in the Fourth Circuit Court of Knox County, Tennessee.

Because it plainly appears from the face of the petition that Bell is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE